UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARLOS CAMERON,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 20-CV-1708-JPS

**ORDER**

On February 29, 2008, petitioner Carlos Cameron ("Cameron") entered a plea of guilty to two counts of the Indictment and one count of an Information. *United States v. Carlos M. Cameron*, 08-CR-2-JPS (E.D. Wis.), (Docket #17). He thus pleaded guilty to two counts of armed robbery in violation of 18 U.S.C. § 2113(a) & (d), and one count of unlawful use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On May 15, 2008, the Court sentenced him to a total term of 209 months' imprisonment, to be followed by five years of supervised release. (*Id.*, Docket #23). On April 8, 2009, the Court amended the sentence to a total term of imprisonment of 125 months' imprisonment. (*Id.*, Docket #33). Cameron never appealed the case.

Indeed, the case lay largely dormant until July 1, 2019, when a warrant issued for Cameron's arrest due to various violations of his conditions of supervised release. (*See id.*, Docket #41). On January 16, 2020, in his third federal criminal case, Cameron was arraigned on an indictment for unlawful possession of guns in Case Number 19-CR-130-PP and detained pending a revocation hearing on his supervised release in Case Number 08-CR-2-JPS. (*Id.*, Docket #45, #47).

On November 12, 2020, Cameron filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and subsequently, a motion to appoint counsel. (Docket #1, #2). The motion to vacate, set aside, or correct his sentence is now before the Court for screening. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the petition. Here, for the reasons explained below, the Court can fully dispose of Cameron's motion on screening, without the added expense and delay of further proceedings.

**1.    TIMELINESS**

The Court begins by addressing the timeliness of Cameron's motion. Section 2255(f) provides a one-year limitations period in which to file a motion challenging a federal conviction. 28 U.S.C. § 2255(f). For the purposes of this case, that period runs from the later of "the date on which the judgment of conviction becomes final," or "the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Cameron filed his motion over eleven years after entry of his amended judgment, so his motion is clearly untimely under 28 U.S.C. § 2255(f)(1). Cameron's theory of his case, however, is that he did not discover the basis for his habeas claim until January 16, 2020, when he learned that he had been indicted in federal court as an armed career criminal, which carries a lengthy sentencing. (Docket #1 at 11); *see also United States v. Carlos Cameron*, Case No. 19-CR-130-PP. Thus, the basis of Cameron's habeas claim is that his counsel in Case Number 08-CR-02-JPS did not inform him that the bank robbery charges to which he pled could be considered predicate offenses that would later render him an armed career offender—and he could not have discovered this until he was indicted for another crime. (Docket #1 at 5; #1-1). Accordingly, when he filed his claim on November 12, 2020, the one-year statute of limitations had yet to run.

At the outset, the Court seriously questions Cameron's allegation that his attorney told him that pleading to multiple armed robberies would have "no effect on [him] whatsoever"; that the attorney failed to inform him that "each count could be use[d] as a predicate offense making [him] a[n] . . . armed career criminal"; and that nothing in the plea colloquy, sentencing hearing, or ten years in prison disabused Cameron—or

reasonably should have disabused him—of this belief. Nevertheless, there is nothing in the record that clearly contradicts Cameron's assertions, so the Court is constrained to accept, for the purposes of this screening only, that the statute of limitations on the habeas claim did not begin to run until Cameron learned of the indictment filed against him on January 16, 2020. *See Johnson v. United States*, 544 U.S. 295, 305–08 (2005) (holding that notice of an order vacating a state court conviction would trigger the statute of limitations for filing a federal habeas case challenging a federal sentence predicated on the state court conviction if the petitioner exercised diligence in obtaining that order). Thus, Cameron's November 12, 2020 motion to vacate (Docket #1) would be considered timely filed.

## 2. PROCEDURAL DEFAULT

The Court next considers whether Cameron's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Cameron did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Cameron may raise a claim on which he otherwise procedurally defaulted if he

demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Cameron's single habeas claim alleges that his plea was invalid because his attorney failed to apprise him of the consequences of his plea, specifically that his two armed-robbery charges would qualify him as an armed career offender if he committed any future crimes. (Docket #1 at 4–5). Because this claim is one of ineffective assistance of counsel, it avoids procedural default. *See Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016).

**3. COGNIZABILITY**

Having determined that Cameron's claim does not fall to the statute of limitations or procedural default, the Court will, finally, consider whether the claim is cognizable and non-frivolous. A valid guilty plea must be made voluntarily, intelligently, and knowingly. *Brady v. United States*, 397 U.S. 742, 747 (1970). "A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citation omitted). "A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges, and advised by competent counsel." *Id.* In a case such as this, where Cameron ties the validity of his plea to the advice and advocacy of his counsel, his claim is analyzed using the deficient-performance and prejudice test applied to Sixth Amendment ineffective assistance claims. *Brock-Miller v. United States*, 887 F.3d 298, 308 (7th Cir. 2018); *Galbraith v. United States*, 313 F.3d 1001, 1006 & n.1 (7th Cir. 2002).

Under the familiar test announced in *Strickland v. Washington* for a Sixth Amendment ineffective assistance claim, Cameron must show that his "counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). In the first step, the Court asks "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The assessment of prejudice centers on whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, the defendant would not have pleaded guilty. *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001). Thus, a claim of ineffective assistance requires a showing of both deficient performance by counsel and resulting prejudice to the defendant. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018).

This case begins and ends with the assessment of whether counsel's performance was deficient. "[D]efense counsel does not violate his constitutional duty of minimally adequate representation when he fails to warn the defendant that one possible consequence of a guilty plea is a more severe sentence for a future crime." *Lewis v. United States*, 902 F.3d 576, 577 (7th Cir. 1990); *United States v. Reeves*, 695 F.3d 637, 639 (7th Cir. 2012) (reaffirming *Lewis* after the Supreme Court's decision in *United States v. Padilla*, 559 U.S. 356 (2010)). There is no question that defense attorneys must inform their clients of the immediate and serious consequences of pleas. *Padilla*, 559 U.S. at 361, 368–69 ("[C]onstitutionally competent counsel

would have advised [the defendant] that his conviction for drug distribution made him subject to automatic deportation."). But this rule does not require defense counsel to "advise the client as to how he might best continue his criminal activity while minimizing his risk of future punishment." *Reeves*, 695 F.3d at 640. Apart from being an "unattractive public policy" with "no support in precedent," a defendant's potential future sentence enhancement is "entirely contingent on his deciding to commit more crime in the future." *Id.*

Cameron's attorney had no constitutional duty to inform Cameron that his plea would qualify him as a career offender if, after serving a decade in prison, he was indicted in a third federal case. Aside from it being fairly obvious that "second and subsequent offenders tend to be punished more heavily than first offenders," such a warning would have been completely premature—"enhancement depends on the defendant's deciding to commit future crimes." *Lewis*, 902 F.2d at 577. In this case, it appears that Cameron decided to commit additional crimes. He cannot now foist responsibility for the consequences of that decision onto his former attorney in the hopes of obtaining a more lenient sentence.

4.  **CONCLUSION**

For the reasons stated above, the Court will deny Cameron's habeas petition and dismiss this action. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Cameron must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court's discussion above makes clear, no reasonable jurists could debate whether Cameron's claim has merit. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Cameron may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for counsel (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 9 of 9
Case 2:20-cv-01708-JPS   Filed 01/31/22   Page 9 of 9   Document 4